OPINION OF THE COURT
Albert M. Rosenblatt, J.
By this motion, under newly enacted CPL 240.40, the District Attorney seeks an order compelling defendant to submit handwriting exemplars. The indictment charges bank robbery, *784 and is supported by allegations that the robber handed a note to a bank teller containing a handprinted message stating: "Place cash in this envelope very quickly and calmly, and no one will get hurt.” There were two other similar notes, allegedly given by the robber to another teller, at another bank, relating to another count of the indictment.
The defendant seeks to limit the order to the furnishing of "handwriting” exemplars, and is resisting any compulsion to furnish "handprinted” exemplars, citing the language of CPL 240.40 (subd 2, par [vi]) as support for its contention, claiming that the statute refers to the furnishing of "specimens of [defendant’s] hand writing” but makes no mention of "handjprinting”.
It is unimaginable that the Legislature intended to restrict discovery in that manner. "Handwriting” is a generic term, and it is undoubtedly intended to cover handprinted as well as handscripted writing. There is no basis for any such distinction, and the court will not skewer the statute by applying an artificial one.
The People’s application is clearly based on reasonable grounds, and the defendant should not be relieved from furnishing exemplars in the same mode as the notes under investigation. He may not choose his own medium by distinguishing between block and script lettering, thus abjuring the very type of lettering involved in the crime. It would be tantamount to a defendant declining to furnish fingerprints of his right hand, offering only his left, when right-hand fingerprints are found at a scene.
Compelled production of real or physical evidence does not violate the Fifth Amendment (United States v Dionisio, 410 US 1; Holt v United States, 218 US 245).
On the subject of handwriting specimens, the United States Supreme Court has held that such exemplars, in contrast to the content of what is written, fall outside the protection. (Gilbert v California, 388 US 263; United States v Mara, 410 US 19.)
New York’s discovery statute, in this and other respects, tracks constitutional parameters, as drawn by the United States Supreme Court. Neither the Supreme Court nor any other court has constitutionally differentiated between the compulsion of printed writing as opposed to script writing. Indeed, in Mara (supra) the Supreme Court seemingly regarded the two interchangeably.
*785 New York has followed suit, upholding the concept of non-testimonial compulsion, culminating in the codification (L 1979, ch 412) of CPL 240.40 (see People v Goldberg, 19 NY2d 460; Matter of District Attorney of Kings County v Angelo G., 48 AD2d 576, opp dsmd 38 NY2d 923, 51 AD2d 1040).
The cases, both actually and impliedly, recognize that the court may direct the acquisition of a sufficient specimen to enable an expert to express an opinion as to the similarity of a specimen with the handwriting under examination. The truth-serving objectives of such procedures would be impeded, were the defendant able to legally block their application by strained or hypertechnical readings of the controlling statutes and decisions.
Accordingly, the motion is granted, and the defendant is directed to furnish handwriting specimens of all varieties, including script and printed letterings.